UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT KEITH ERNST,

Petitioner,

v.

LOUIS GARNICA,

Respondent.

Case No.  2:25-cv-3594-JDP (P)

ORDER

Petitioner, a state prisoner, brings this action under section 2254.  ECF No. 1.  After review of the petition, I find that it fails to state a cognizable federal habeas claim.  I will dismiss the petition with leave to amend.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is flawed and cannot proceed for two reasons.  First, to the extent that petitioner is challenging any aspect of his original conviction, which occurred in 2008, his claims are long past the Anti-Terrorism and Effective Death Penalty's one-year statute of limitations

1

period.  Thus, to the extent any claim relates to his original trial or conviction, it appears untimely.  Second, petitioner's claims relating to resentencing under California Penal Code § 1172.1 sound purely in state law and do not provide a basis for federal habeas relief.  *See Cossey v. Morales*, CV 26-00143-DSF (DFM), 2026 U.S. Dist. LEXIS 7660, *3 (C.D. Cal. Jan. 14, 2026) ("Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law—whether the trial court should exercise its discretion under § 1172.1 to recall his sentence and resentence him.").  And petitioner cannot convert such claims into federal ones merely by referencing due process.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).  Neither does the Sixth Amendment give rise to any claim for inadequate representation during resentencing proceedings.  *See Delci v. Arias*, No. 2:24-cv-07531-MRA-PD, 2024 U.S. Dist. LEXIS 213157, *9 (C.D. Cal. Nov. 21, 2024) (collecting cases and noting that "district courts within the Ninth Circuit routinely hold that ineffective-assistance claims concerning resentencing-petition proceedings are not cognizable on federal habeas review").

I note that the petition is lengthy and refers to issues relevant both to the original conviction and the resentencing proceedings.  As such, it is difficult to tell exactly how many and what type of claims are at issue.

I will dismiss the petition with leave to amend so that petitioner may explain why, if at all, this action should proceed.  If petitioner chooses to file an amended petition, he must do so on the form provided—though he may, if necessary, append additional pages.  A lengthy, disorganized petition will not be looked upon favorably, however.  The amended petition should be titled "First Amended Petition."  I advise plaintiff to provide a straightforward chronology of the events undergirding his claims and to plainly state the specifics of each claim he seeks to raise.

Accordingly, it is ORDERED that:

1.	The petition, ECF No. 1, is DISMISSED with leave to amend.

2.	Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

3.      Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.      The Clerk of Court shall send petitioner a habeas petition form with this order.  If he files an amended complaint, he must use this form.

IT IS SO ORDERED.


Dated:    March 3, 2026        _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE