UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT KEITH ERNST,

Petitioner,

v.

LOUIS GARNICA,

Respondent.

Case No. 2:25-cv-3594-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief on December 12, 2025. ECF No. 1. After review of the initial petition, I found that the claims were non-cognizable insofar as they appeared to arise under state law and, moreover, were time-barred. ECF No. 5. I gave petitioner leave to amend, and he has filed an amended petition, ECF No. 6. After review of that petition, I find that he has failed to show that his claims are timely and the petition should be dismissed as time-barred.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

*Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), state prisoners must comply with a one-year statute of limitations to file their habeas claims in federal court. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) ("AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court."). Here, petitioner's conviction was finalized in 2008, ECF No. 6 at 3, but he alleges that his claims should proceed because his sentence is "truly illegal." *Id.* at 2. All habeas petitioners allege that their sentences are, in some sense, illegal or wrongful. Appending "truly" as a modifier does not excuse the untimeliness of his claims. It bears noting that there is an escape hatch from the statute of limitations for those extremely rare cases in which a petitioner makes a credible showing of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has failed to present such evidence in his petition. I now recommend that the petition be dismissed as untimely.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the amended petition, ECF No. 6, be DISMISSED without leave to amend as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated: September 8, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE