UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT KEITH ERNST,

Petitioner,

v.

LOUIS GARNICA,

Respondent.

No. 2:25-cv-3594-DAD-JDP (P)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION WITHOUT LEAVE TO AMEND

(Doc. No. 7)

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing his petition for a writ of habeas corpus on December 12, 2025, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 3, 2026, the assigned magistrate judge dismissed the original petition because it was time barred by the applicable one-year AEDPA statute of limitations to the extent it challenged petitioner's 2008 state court conviction and sentence and also because petitioner's claims were not cognizable in this federal habeas action since they appeared to be related solely to state sentencing law. (Doc. 5 at 1–2.) Petitioner was granted leave to file an amended petition addressing the noted deficiencies. (*Id.* at 2.) On April 1, 2026, petitioner filed his operative first amended petition. (Doc. No. 6.)

/////

On September 8, 2026, the magistrate judge issued findings and recommendations recommending that the amended petition for habeas relief be dismissed without leave to amend. (Doc. No. 7.) Specifically, the magistrate judge concluded that petitioner's claims challenged only his state court judgment of conviction and sentence which became final in 2008, and that his pending amended petition was clearly time-barred by the applicable AEDPA one-year statute of limitations. (*Id.* at 2.)

The findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) On September 23, 2026, petitioner filed his objections to the findings and recommendations. (Doc. No. 8.) Petitioner's objections are somewhat difficult to decipher and include reference to his unsupported claim of his actual innocence, claimed changes in state law since his conviction, and various purported errors at his trial. However, nothing in those objections provides a legitimate and supported basis upon which the findings and recommendations should be rejected.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

/////

Accordingly:

1. The findings and recommendations issued September 8, 2026 (Doc. No. 7), are adopted in full;
2. The amended petition for writ of habeas corpus (Doc. No. 6), is DISMISSED without leave to amend as time-barred;
3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE